IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | No. 5:08-CR-089-C |
| | § § | |
| BLUE MOON SOLUTIONS, INC. (01) | § | |

### PLEA AGREEMENT

Blue Moon Solutions, Inc., defendant, Floyd D. Holder, Jr., the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Blue Moon Solutions, Inc. understands that it has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have its guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in its defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Blue Moon Solutions, Inc. waives these rights and agrees to enter a voluntary plea of guilty at a time to be set by the Court, before United States District Judge Sam R. Cummings, in Lubbock, Texas, to the offense alleged in the single count information, charging a violation of 18 U.S.C. §§ 641 and 2,

Theft of Government Money Exceeding $1,000.00 and Aiding and Abetting. Blue Moon Solutions, Inc. understands the nature and elements of the crime to which it is pleading guilty, and agrees that the factual resume it has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalty the Court can impose includes:

   a. probation for a term of not more than (5) years;

   b. a fine not more than $500,000.00, or twice any pecuniary gain to the defendant or loss to the victim;

   c. a mandatory special assessment of $400.00;

   d. restitution to victims or to the community, which may be mandatory under the law, and which Blue Moon Solutions, Inc. agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   e. costs of supervision; and

   f. forfeiture of property

4. **Court's sentencing discretion and role of the Guidelines**: Blue Moon Solutions, Inc. understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw its plea if its sentence is higher than

expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Blue Moon Solutions, Inc. agrees to pay to the U.S. District Clerk the amount of $400.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Blue Moon Solutions, Inc. shall give complete and truthful information and/or testimony concerning its participation in the offense of conviction. Upon demand, Blue Moon Solutions, Inc. shall submit a financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Blue Moon Solutions, Inc. based upon the conduct underlying and related to Blue Moon Solutions, Inc.'s plea of guilty. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even thought there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Blue Moon Solutions, Inc., or any property.

8. **USSG Stipulation-Restitution:** Pursuant to USSG §5E1.1, the United States and Defendant Blue Moon Solutions, Inc. agree and stipulate for purposes of this plea agreement only as follows:

   a. This case involves an identifiable victim, specifically, Rural Utilities Service (RUS), an agency of the United States Department of Agriculture, which is part of the Rural Development Utilities Program, and that $429,159.00 is the full amount of the victim's loss. Thus, the amount of $429,159.00 is the appropriate amount for the restitution order to be entered in this case.

9. **Violation of agreement:** Blue Moon Solutions, Inc. understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Blue Moon Solutions, Inc. for all offenses of which it has knowledge. In such event, Blue Moon Solutions, Inc. waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Blue Moon Solutions, Inc. also waives objection to the use against it of any information or statements it has provided to the government, and any resulting leads.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Except as otherwise provided, Blue Moon Solutions, Inc. expressly waives the right to appeal its conviction and/or sentence on any ground, including any appeal right conferred by 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742. The defendant further waives its right to contest its conviction and/or sentence in any post-conviction or collateral proceeding, including, but not limited to, proceedings under 28 U.S.C. §§ 2241 and 2255. The defendant, however, reserves the right to (a) appeal any punishment imposed exceeding the statutory maximum, and (b) challenge the voluntariness of its plea of guilty or this waiver of appeal.

12.     **Representation of counsel**: Blue Moon Solutions, Inc. has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation. Blue Moon Solutions, Inc. has received from its lawyer explanations satisfactory to it concerning each paragraph of this plea agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement. Because it concedes that it is guilty, and after conferring with its lawyer, Blue Moon Solutions, Inc. has concluded that it is in its best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.     **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this __6__ day of December, 2008.

RICHARD B. ROPER
UNITED STATES ATTORNEY

*[signature]*
BLUE MOON SOLUTIONS, INC.
Defendant

*[signature]*
C. RICHARD BAKER
Assistant United States Attorney
Texas State Bar No. 01565500
1205 Texas Ave., Suite 700
Lubbock, Texas  79401
Telephone:   806.472.7562
Facsimile:   806.472.7394

By: *[signature]*
MARTY L. HALE

Its: Director, President and
     Chief Executive Officer

*[signature]*
FLOYD D. HOLDER, JR.
Attorney for Defendant

*[signature]*
DENISE WILLIAMS
Deputy Criminal Chief

**Plea Agreement - Page 6**

## DEFENDANT'S CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to plead guilty.

_Blue Moon Solutions_      _12-06-08_
BLUE MOON SOLUTIONS, INC.      DATE
Defendant

By: _Marty Hale_
    MARTY L. HALE

Its: Director, President and
    Chief Executive Officer


## ATTORNEY'S CERTIFICATION

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter a plea of guilty is an informed and voluntary one.

_Floyd Holder_      _12-09-08_
FLOYD D. HOLDER, JR.      DATE
Attorney for Defendant